UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GOODMAN, Individually And As Trustee of the Richard M. Goodman Revocable Living Trust, And On Behalf Of All Others Similarly Situated,<br><br>                 Plaintiff,<br>  vs.<br><br>UBS FINANCIAL SERVICES INC.,<br><br>                 Defendant. | Case No.: 2:21-cv-18123-KM-MAH |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a class action is pending in this Court entitled *Goodman v. UBS Financial Services Inc.*, Civil Action No. 2:21-cv-18123-KM-MAH (the "Action");

WHEREAS, (a) plaintiff Richard Goodman, individually and as Trustee of the Richard M. Goodman Revocable Living Trust ("Plaintiff"), on behalf of himself and the Settlement Class (defined below); and (b) defendant UBS Financial Services Inc. ("Defendant" or "UBS"; and together with Plaintiff, the "Parties") have determined to settle all claims asserted against the Defendant in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 8, 2023 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities in the United States that acquired At-Issue Taxable Municipal Securities at a premium (above par value) in a taxable account maintained by UBS between January 1, 2014 through December 31, 2019, inclusive (the "Settlement Class Period"), and who received a Form 1099 from UBS. Excluded from the Settlement Class are Defendant; the Officers and/or directors of UBS; any person, firm, trust, corporation, Officer, director or other individual or entity in which Defendant has a controlling interest or which is related to or affiliated with the Defendant; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.      **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any

individual questions; (c) the claims of the Plaintiff in the Action are typical of the claims of the Settlement Class; (d) the Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Richard Goodman, individually and as Trustee of the Richard M. Goodman Revocable Living Trust is an adequate class representative and certifies him as the Class Representative for the Settlement Class. The Court also appoints Glancy Prongay & Murray LLP as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2023 at __:__ _.m. in Courtroom MLK 2C at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against the Defendant; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable

and should be approved; (d) to determine whether the motion by Lead Plaintiff's Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **<u>Retention of Settlement Administrator and Manner of Giving Notice</u>** – Lead Plaintiff's Counsel is hereby authorized to retain Strategic Claims Services (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as distributing the proceeds of the Net Settlement Fund to Settlement Class Members.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Plaintiff's Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, UBS shall provide or cause to be provided to the Settlement Administrator in electronic format (at no cost to the Settlement Fund, Plaintiff, Lead Plaintiff's Counsel or the Settlement Administrator), each Settlement Class Member's name, UBS account number (last four digits only), last-known address, and last-known e-mail address as may be identified in UBS's records through reasonable effort;

(b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall cause: (i) a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 2, to be mailed by first-class mail; or

4

(ii) the Notice, substantially in the form attached hereto as Exhibit 1, to be emailed; to potential Settlement Class Members at the addresses set forth in the records provided by UBS or in the records which UBS caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing/emailing of the Postcard Notice and/or the Notice, the Settlement Administrator shall cause copies of the Notice to be posted on a website to be developed for the Settlement, from which copies of the Notice can be downloaded; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Plaintiff's Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice and Postcard Notice attached hereto as Exhibits 1 and 2, respectively, and (b) finds that the mailing/emailing and distribution of the Postcard Notice and Notice, and the posting of the Notice online, in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Plaintiff's Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to

all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice and Notice before they are emailed/mailed and/or posted online.

9. **Participation in the Settlement** – Settlement Class Member do not have to do anything to qualify for a payment.  UBS has data concerning Settlement Class Members' relevant securities transactions from which amortizable bond premium can be calculated, as well as contact information for Settlement Class Members, and will provide the information necessary for the Settlement Administrator to send a check directly to Settlement Class Members as may be identified in UBS's records through reasonable effort.

10. Any Settlement Class Member that does not deposit or cash his, her or its check within nine (9) months after issuance from the Settlement Administrator: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendant's Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, the Settlement Administrator may re-issue checks to the extent doing so will not materially delay the distribution process.

11.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Goodman v. UBS Class Action Litigation*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, P.O. Box 230, Media, PA 19063 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Goodman v. UBS Class Action Litigation*, Case No. 2:21-cv-18123-KM-MAH"; (iii) identify and state the account number for the UBS account that held the At-Issue Taxable Municipal Securities that the Settlement Class Member acquired during the Settlement Class Period (*i.e.*, between January 1, 2014 through December 31, 2019, inclusive); and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

12.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

13.     Any Settlement Class Member who or which does not timely and validly request

7

exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against any of the Defendant's Releasees, as more fully described in the Stipulation and Notice.

14. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Plaintiff's Counsel and Defendant's Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Plaintiff's Counsel.

15. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Plaintiff's Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved;

8

*provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Plaintiff's Counsel and Defendant's Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendant's Counsel** |
|---|---|
| Glancy Prongay & Murray LLP<br>Garth A. Spencer, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Wilmer Cutler Pickering Hale and Dorr LLP<br>Alan Schoenfeld, Esq.<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 |

16.  Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including documents identifying and stating the account number for the UBS account that held the At-Issue Taxable Municipal Securities that the Settlement Class Member acquired during the Settlement Class Period (*i.e.*, between January 1, 2014 through December 31, 2019, inclusive). Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.  Any Settlement Class Member who or which does not make his, her or its

objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendant's Releasees.

19. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

20. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. **Taxes** – Lead Plaintiff's Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members and Defendant, and the Parties shall revert to their respective positions in the Action as of December 23, 2022, as provided in the Stipulation.

23. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant's Releasees with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant's Releasees or in any

11

way referred to for any other reason as against any of the Defendant's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendant's Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

24. **Supporting Papers** – Lead Plaintiff's Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2023.

                                                                  _____
                                                                  The Honorable Michael A. Hammer
                                                                   United States Magistrate Judge